The Honorable Richard Alldritt State Representative, 105th District State Capitol, Room 284-W Topeka, Kansas 66612-1504
Dear Representative Alldritt:
You request our opinion regarding whether a county appraiser may own a private appraisal company that does appraisal work in the county that employs him.
K.S.A. 19-430 establishes the qualifications for a county appraiser and provides in part:
 "County appraisers appointed in counties having a population of more than 20,000 shall devote full time to the duties of such office but county appraisers appointed in counties having a population of 20,000 or less may be appointed either as a full-time or a part-time county appraiser as prescribed in the resolution providing for such appointment. No person shall be appointed or reappointed to or serve as county appraiser in any county under the provisions of this act unless such person shall have at least one year of appraisal experience and be qualified by the director of property valuation as an eligible Kansas appraiser under the provisions of this act. . . ."
There is no provision in chapter 19, article 4 of the Kansas Statutes Annotated that specifically prohibits a county appraiser from having an interest in a private appraisal company doing business in the county that employs him or her. Whether or not holding such an interest precludes the appraiser from devoting full time to the office of county appraiser in those situations where such is required is a question of fact to be determined on a case by case basis. See Attorney General Opinions No. 77-306 ("full time" can be reasonably construed to mean devoting those hours necessary to direct undivided professional attention to satisfying the duties and responsibilities of the office); and 95-5 (administrative law judge may serve part time as municipal court judge as long as full time is devoted to duties of administrative law judge).
To avoid having a statutory conflict of interest, a county appraiser who holds an interest in a private appraisal company should be cognizant of and abide by K.S.A. 1995 Supp. 75-4301a et seq. If the interest held constitutes a substantial interest as defined by K.S.A. 75-4301a(a), the reporting requirements of K.S.A. 1995 Supp. 75-4302a must be met and the appraiser, acting in his or her capacity of county appraiser, would be precluded from making or participating in the making of a contract with the appraisal company. See Kansas Public Disclosure Commission Opinion No. 89-9.
Additionally, any county appraiser who is required by K.S.A. 19-430 to be certified or licensed pursuant to K.S.A. 58-4101 et seq. must comply with the provisions of that act and any rules and regulations adopted by the real estate appraisal board to implement that act. See K.S.A.58-4118; K.A.R. 117-1-1 et seq.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm